UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:22-cv-22120-KMW

STEFANIE SEQUEIRA, and other similarly
Situated individuals,

    Plaintiff(s),

vs.

AMERICAN UPHOLSTERY DESIGN, INC.,
BERT WORTEL, and DAISY WORTEL,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff, STEFANIE SEQUEIRA ("Plaintiff"), and Defendants, AMERICAN UPHOLSTERY DESIGN, INC., BERT WORTEL, and DAISY WORTEL (collectively referred to as "Defendants"), hereby move for approval of the settlement reached in this action, and for an order dismissing the case with prejudice. As grounds for this Joint Motion, the Parties state as follows:

### BACKGROUND AND PROCEDURAL HISTORY

1. On July 12, 2022, Plaintiff filed suit against the Defendants alleging claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiff alleges that she was misclassified as salaried exempt during a period of her employment. Defendants strongly deny Plaintiff's allegations as Defendants continue to maintain that Plaintiff was properly classified.

2.       On July 12, 2022, the Court entered an Order of Referral and Notice of Court Practice in FLSA Cases: Referring Case to Magistrate Judge Chris M. McAliley for Discovery Matters. D.E. No. 4.

3.       On September 9, 2022, the Parties filed a Notice of Settlement, advising the Court that the Parties had reached an agreement to settle this matter. D.E. No. 21.

4.       Because a portion of the settlement involves Plaintiff's claims under the FLSA, and because FLSA settlement agreements must be supervised or approved by the Court, the Parties request that the Court approve the settlement agreement, which the Parties will submit to the Court for *in camera* review.

5.       Plaintiff's counsel is experienced in wage and hour litigation and is fully satisfied that the resolution and the terms and conditions of the settlement agreements are fair, reasonable, and adequate and that the agreed-upon resolution of the case and the settlement agreements are in Plaintiff's best interest.

## DISCUSSION

As a general rule, the FLSA's provisions are "mandatory," meaning that they generally are not subject to negotiation or bargaining between employer and employee. *Lynne's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), *citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945).  There are two ways, however, that FLSA claims *may* be settled, compromised, or released by an employee. *Lynne's Food Stores*, 679 F.2d at 1352-53.  The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id.*  The second, which does apply in the instant case, permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides

>    some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354; *see also Brooks v. Continental Property Services, Inc.*, No. 6:07-cv-1513-ORL-19GJK, 2008 WL 781825 (M.D. Fla. Mar. 19, 2008) (approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, No. 2:07-cv-279-FtM-29DNF, 2008 WL 875981 (M.D. Fla. Mar. 27, 2008) (same).  When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

Plaintiff and Defendants respectfully request that the Court approve the Settlement Agreement provided to the Court for *in camera* review and dismiss Plaintiff's Complaint with prejudice. Plaintiff and Defendants respectfully submit that the agreed-upon terms of the Settlement Agreement are fair and reasonable in light of the relevant factors. *Id*. at 1145-46.  The Parties negotiated the settlement of this matter in good faith, and there has been no undue influence, overreaching, collusion, or intimidation in reaching the settlement. Counsel have zealously represented their clients' respective interests and have negotiated a settlement that is acceptable to Plaintiff and Defendants. The amount received by Plaintiff, as set forth in the Settlement Agreement, is fair and reasonable given the amount at issue as stated in Plaintiff's Statement of Claim [DE 9] and the risk of Plaintiff recovering nothing had the matter gone to trial due to the uncertainty of litigation. The terms of settlement on Plaintiff's alleged unpaid wages claim are fair and reasonable and the settlement fully satisfies a reasonable amount of Plaintiff's attorneys' fees and costs.

Therefore, the undersigned respectfully request this Court approve the settlement as a fair and reasonable resolution of a disputed claim under the FLSA, and dismiss the case with prejudice.

Dated: September 20, 2022  
      Miami, Florida

Respectfully submitted,

| | |
|---|---|
| *s/Julisse Jimenez* | *s/Ingrid H. Ponce* |
| Julisse Jimenez, Esq. | Ingrid H. Ponce, Esq. |
| Florida Bar No. 65387 | Florida Bar No. 166774 |
| E-mail: julisse@saenzanderson.com | iponce@stearnsweaver.com |
| SAENZ & ANDERSON, PLLC | STEARNS WEAVER MILLER WEISSLER |
| 20900 N.E. 30th Avenue |   ALHADEFF & SITTERSON, P.A. |
| Suite 800 | 150 West Flagler Street |
| Aventura, Florida 33180 | Museum Tower, Suite 2200 |
| Telephone: 305-503-5131 | Miami, Florida 33130 |
| Facsimile: 888-270-5549 | Telephone: 305-789-3200 |
| | Facsimile: 305-789-3395 |
| *Attorneys for Plaintiff, Stefanie Sequeira* | *Attorneys for Defendants, American Upholstery Design, Inc., Bert Wortel, and Daisy Wortel* |

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 20, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ *Ingrid H. Ponce*
INGRID H. PONCE, ESQ.

**SERVICE LIST**

***STEFANIE SEQUEIRA v. AMERICAN UPHOLSTERY DESIGN, INC.,
BERT WORTEL, and DAISY WORTEL***

**CASE NO: 1:22-cv-22120-KMW**

Julisse Jimenez, Esq.
Florida Bar No.: 65387
E-Mail: julisse@saenzanderson.com

R. Martin Saenz, Esq.
Florida Bar No.: 0640166
E-Mail: msaenz@saenzanderson.com

**SAENZ & ANDERSON, PLLC**
20900 N.E. 30th Avenue, Suite 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

*Attorneys for Plaintiff, Stefanie Sequeira*

*Served Via CM/ECF*

#11033402 v1 46211 0001